## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **PATRICIA A. SINCLAIR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-09-1470 |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner, Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Patricia A. Sinclair, ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, and Supplemental Social Security Income ("SSI") payments under Title XVI of the Social Security Act, 42 U.S.C. 1382 et seq. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") and Commissioner's Motion for Summary Judgment ("Commissioner's Motion"). The Court has reviewed said motions and the applicable law. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby DENIES Plaintiff's Motion and DENIES Commissioner's Motion and REMANDS this matter to the Social Security Administration for further proceedings consistent with this opinion.

### I. Background

Plaintiff filed for DIB and SSI on April 21, 2005, alleging disability since March 14, 2005. (R. 14). Her claims were denied initially and upon reconsideration. (R. 14). On August

13, 2007, a hearing was held before an Administrative Law Judge ("ALJ"), at which Plaintiff was represented by counsel. (R. 14). On November 10, 2007, the ALJ determined in a written decision that Plaintiff was not disabled within the meaning of the Act. (R. 13). Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council, which was denied on April 14, 2009, making the ALJ's decision final and appealable. (R. 5).

At the time of the hearing, Plaintiff was 27 years old. (R. 14, 423). Plaintiff has a high school education. (R. 14). Plaintiff alleges disability due to injuries from an automobile accident. (R. 14). Prior to the accident, Plaintiff worked as a house cleaner and retail store worker. (R. 14). Given her weight and height, Plaintiff claims that she is obese and testified to receiving treatment for restless leg syndrome and headaches. (R. 14).

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520 and 416.920.[1] At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity ("SGA") since March 15, 2005 - the alleged onset date. (R. 15). At the second step, the ALJ determined that Plaintiff has severe impairments, including obesity, and residuals from injuries caused by a motor vehicle accident that occurred on March 14, 2005. (R. 15). At the third step, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 16). At the fourth step, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a full range of light work. (R. 18). However, Plaintiff should never climb a ladder, rope or scaffold, should avoid concentrated exposure to hazards due to medication side effects, and is further limited to

---

[1] 20 C.F.R. § 404.1520 pertains to DIB and 20 C.F.R. § 416.920 pertains SSI. While DIB and SSI are not one in the same, for all practical purposes, the analytical framework used to determine if a claimant qualifies for either involves the same sequential five-step process.

simple, unskilled work, work not at a production pace, and that is low stress, defined as only occasional changes in the work setting. (R. 18). Further, the ALJ found that Plaintiff is capable of performing Past Relevant Work ("PRW") as a self-employed house cleaner and her PRW as a retail store cashier/manager, as she performed those jobs and as they exist in the national economy. (R. 18). According to the testimony of the vocational expert ("VE") these jobs do not require the performance of work-related activities precluded by Plaintiff's RFC. (R. 24). As such, the ALJ concluded that Plaintiff has not been under a disability, as defined by the Act from March 14, 2005 through the date of the decision [November 10, 2007]. (R. 24-25).

### III. Standard of Review

The role of this Court is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §405(g); Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Johnson v. Califano, 434 F. Supp. 302, 307 (D. Md. 1977). Ordinarily if there is substantial evidence to support the decision of the Commissioner, then that decision must be upheld. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). This Court cannot try the case de novo or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. Id.

The Court must also determine whether the Commissioner followed correct procedures.

3

"A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. After review, the Court has the power to affirm, modify, or reverse the decision of the Commissioner, with or without remanding the case for rehearing. 42 U.S.C. § 405(g); Virek v. Finch, 438 F.2d 1157, 1158 (4th Cir. 1971).

Finally, it must be noted that hearings on applications for Social Security disability entitlement are not adversary proceedings. Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970). Moreover, the Social Security Act is a remedial statute and it is to be broadly construed and liberally applied in favor of beneficiaries. Dorsey v. Bowen, 828 F.2d 246 (4th Cir. 1987). A claimant is entitled to a full and fair hearing and failure to have such a hearing may constitute sufficient cause to remand the case. Sims v. Harris, 631 F.2d 26 (4th Cir. 1980).

## IV. Analysis

Plaintiff raises three arguments but because the ALJ's decision proves to be inadequate at step three, only Plaintiff's first argument will be addressed. The case is remanded for the reasons explained below.

Plaintiff was diagnosed with a Traumatic Brain Injury ("TBI") secondary to an automobile accident. (R. 196). According to the regulations, "neurological and mental impairments stemming from TBI often present in a wide variety of posttraumatic symptoms and signs." 20 C.F.R. § 404 Subpart P, App. 1, 11.00(F) (2009). Plaintiff first argues that the ALJ erred by evaluating Plaintiff's TBI under 12.02 instead of 11.00(F). However, 11.00(F) clearly states that "[t]he guidelines for evaluating impairments caused by cerebral trauma are contained in 11.18. Listing 11.18 states that cerebral trauma is to be evaluated under 11.02, 11.03, 11.04, and 12.02, as applicable." Id. Therefore, Plaintiff's argument that the ALJ failed to evaluate Plaintiff under the appropriate Listing is misguided. As noted, the regulations specifically

4

provide 12.02, Organic Mental Disorders, as an appropriate Listing to evaluate a claimant with TBI.

That notwithstanding, the finding that Plaintiff does not meet or equal a Listing is not supported by substantial evidence. Because TBI concerns mental impairments, determining whether these are severe impairments involves a two-step process. The regulation in relevant part states as follows:

> 404.1520a  Evaluation of mental impairments.
>
> (a) General. The steps outlined in § 404.1520 apply to the evaluation of physical and mental impairments. In addition, when we evaluate the severity of mental impairments for adults (persons age 18 and over) and in persons under age 18 when Part A of the Listing of Impairments is used, we must follow a special technique at each level in the administrative review process. We describe this special technique in paragraphs (b) through (e) of this section.
>
> (b) Use of technique. (1) Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s). See § 404.1508 for more information about what is needed to show a medically determinable impairment. If we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings in accordance with paragraph (e) of this section.
>
> (2) We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section.
>
> (c) Rating the degree of functional limitation.
>
> . . .
>
> (3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 12.00C of the Listings of Impairments [in appendix 1 to this subpart].
> . . .
>
> (e) Documenting application of the technique.
>
> . . .

> (2) At the [ALJ] hearing and Appeals Council levels, and at the Federal reviewing official, [ALJ], and the Decision Review Board levels in claims adjudicated under the procedures in part 405 of this chapter, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a (2009).[2]

The principle issue here is that the ALJ's decision wants for actual articulated findings. Much of the discussion is mere recitation of the regulations followed by a conclusory statement without referencing any factual support. In many instances the ALJ fails to specify any particular reason to justify such findings. A prime example involves the ALJ's purported acceptance of the Psychiatric Review Technique Form ("PRTF") report provided by a consultative examiner ("CE"). After summarizing the "paragraph B"[3] requirements the ALJ states the following:

> With regard to engaging in activities of daily living, the undersigned finds that, the claimant has mild restriction. In social functioning, the claimant has mild difficulties, and with regard to maintaining her concentration, persistence or pace, the claimant has moderate difficulty. The undersigned has determined that with regard to having episodes of decompensation, the claimant has experienced one or two episodes of decompensation.
>
> In assessing the claimant's residual functional capacity with regard to the "B" criteria, the undersigned reviewed the entire documentary and testimonial record. The undersigned was particularly impressed by and has both accepted, and adopted, the opinions set forth in the [PRTF] completed on September 7, 2005 by Kenneth W. Wessel, Ed. D. a medical consultant to the disability determination service (D.D.S.) of the State Agency (Exhibit 8F).

(R. 17).

---

[2] It should be noted that 20 C.F.R. § 404.1520a (2009) and 20 C.F.R.§ 416.920a (2009) are ostensibly the same. For simplicity the Court will use 404.1520a for purposes of this analysis.

[3] "Paragraph B" refers to subsection B of a particular Listing, 12.01, 12.02, etc. See also § 404.1520a and § 416.920a.

The first paragraph simply proclaims bald findings without more. The second paragraph is only slightly more informative. While later in the decision, the ALJ does provide a reason for accepting Dr. Wessel's September 7, 2005, PRTF - "[t]hose assessments are accepted because they are consistent with and supported by the great weight of the documentary medical evidence" - this still does not provide substantial evidence. (R. 23). See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) ("We cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence.") (Citations omitted).

Given the ALJ's finding at step two, in which various severe impairments were found, this simple recitation of the regulations in combination with a finding void of any meaningful explanation is inconsistent with the ALJ's duty to articulate the reasons underlying the ALJ's decision. Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986); Murphy v. Heckler, 810 F.2d 433 (4th Cir. 1987); See also, Gordon 725 F.2d 236 (remanding because "[n]either the ALJ nor the Appeals Council indicated the weight given to the various medical reports submitted by the appellant.") If the Court were not to question such an explanation, then the Court would fail in its duty to scrutinize the record. See Arnold v. Secretary, 567 F.2d 258 (4th Cir. 1997). As such, the ALJ's decision that Plaintiff did not meet or equal a listing regarding Plaintiff's mental impairments is not supported by substantial evidence. This case is remanded with directions to "indicate explicitly the weight accorded to the various medical reports in the record." Gordon at 236.

It is noteworthy that the ALJ's discussion of Plaintiff's mental limitations at steps two and three is not an RFC assessment. Therefore such a discussion does not satisfy the ALJ's obligations at steps 4 and 5 of the sequential evaluation. SSR 96-8P, in pertinent part, states:

> The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

SSR 96-8P, 1996 WL 374184 (July 2, 1996). Consequently, because the decision is not supported by substantial evidence for want of analysis at step three of the sequential process, the Court declines to address the adequacy of the remainder of the ALJ's decision. That said, the Commissioner concedes that substantial evidence does not support the ALJ's step four finding. (Commissioner's Mot. 24).

While it is true that the ALJ is not obligated to order a consultive examination, this is true only when there exist "sufficient evidence in the record to make a fair assessment of the claimant's mental impairment." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000). Given the amount of time that has elapsed since the last mental examination, it may be appropriate to order one on remand. However, it may be that the ALJ can look at the record that already exists and make an acceptable determination. The issue is not necessarily how recent the test is, so much as the importance of the need for the ALJ to articulate the underlying support for any conclusions reached. The explanation must provide enough detail so that the Court can determine whether there is substantial evidence to support the ALJ's decision.

Unfortunately the approach taken to determine Plaintiff's mental impairments appears to be the same approach taken regarding Plaintiff's physical impairments. Relevant to the issue of obesity, the ALJ states:

> [a]ppendix 1 to Subpart P of Social Security Administration Regulation Number 4 does not specifically set forth criteria for obesity as a disabling impairment, but Section Q of Appendix 1, entitled 'Effects of Obesity' provides that obesity is a medically determinable impairment that is often associated with disturbance of

the musculoskeletal system, and that this disturbance can be a major cause of disability in individuals with obesity.

(R 16 - 17). The Court has no way of deciphering what "Number 4" refers to as there are many sections with subsections "4." Further there is no "Section Q of Appendix 1" as it were. The Court should not have to scan the entire Code of Federal Regulations in an effort to determine what the ALJ is referencing. Thus for the same reason the Court remands this case regarding Plaintiff's mental impairments, the Court remands this case regarding Plaintiff's physical impairments.

In several footnotes, the Commissioner painstakingly references the evidentiary support for the few reports that the ALJ mentions. This is exactly the type of analysis the ALJ is required to do and should have done elsewhere in the decision. The Court cannot rely on ad hoc observations of the Commissioner to now fill in the gaps on an otherwise inadequate decision by the ALJ. Simply because the Commissioner's explanations are plausible does not mean that such explanations are the actual reasons for the ALJ's conclusions as contained in the decision.

The Court is troubled that on more than one occasion the Court is left to speculate what the ALJ decision is attempting to cite as support. Therefore the Court remands this case back to the ALJ for further proceedings consistent with this opinion.

## V. Conclusion

Based on the foregoing, the Court DENIES Plaintiff's Motion, DENIES Commissioner's Motion and REMANDS this matter to the Social Security Administration for further proceedings consistent with this opinion.

December 16, 2010  　　　　　　　　　　　　　　　　　　　／s／　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　Charles B. Day
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge